# IN THE UNITED STATES DISTRICT COURT FOR THE

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ALLEN WISLER,            ) | CV F 06-1694 AWI SMS |
|                                  ) | |
|            **Plaintiff**,        ) | MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |
|     v.                           ) | |
|                                  ) | |
| CITY OF FRESNO, et al.,          ) | (Documents #7 & #8) |
|                                  ) | |
|            **Defendants.**       ) | |

This civil rights lawsuit seeks to recover damages for Plaintiff Richard A. Wisler (Plaintiff) for injuries he sustained as a result of alleged excessive force by Defendants in connection with his arrest.   This court has subject matter jurisdiction of the civil rights cause of action pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over the state law causes of action.   Venue is proper because the alleged acts giving rise to this action occurred in this district.

## BACKGROUND

On November 21, 2006, Plaintiff filed a complaint.   The first cause of action is brought under 42 U.S.C. § 1983 and alleges Defendants  violated both the Fourth and Fourteenth Amendments to the United States Constitution by falsely arresting and detaining Plaintiff and using unreasonable force on him.   The second cause of action is brought under state law and alleges assault and battery.   The third cause of action is brought under state law and alleges negligence because Defendants (a) Used their fist to subdue Plaintiff when he was already pinned down; (b) Used a taser to shoot Plaintiff when he was already on the ground; (c) Failed to devote

a reasonable and sufficient amount of time and service to training and supervising the individual defendants regarding arresting and detaining individuals; and (d) Failed to devote a reasonable and sufficient amount of time and service to training and supervising the individual defendants regarding the use of force.

On December 26, 2006, Defendant City of Fresno, Defendant Long, Defendant Logue, Defendant Pak, Defendant Jones, and Defendant Casto[1] filed a motion to dismiss.   Defendants contend that Defendants Pak and Casto must be dismissed because the complaint fails to allege any improper conduct by Defendant Pak and Defendant Casto.   Defendants also contend that naming the individual Defendants in their official capacity is redundant of Plaintiff's suit against the City of Fresno.

On January 16, 2007, Defendant Bradford filed a motion to dismiss.   Defendant Bradford contends that he must be dismissed because the complaint fails to allege any improper conduct by him.   Defendant Bradford also contends that suing him in his official capacity is redundant.

On February 5, 2007, Plaintiff filed an opposition.   Plaintiff contends that discovery is necessary before Plaintiff will be able to allege the specific involvement of Defendants Casto, Pack, and Bradford.   However, Plaintiff argues that these Defendants are liable because they played an integral part in the constitutional violations.   Plaintiff admits that while the suits against the individual defendants in their official capacity is redundant, the claims against them in their individual capacity is not redundant.

On February 16, 2007, Defendants filed a reply.

**LEGAL STANDARD**

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure if it appears beyond doubt that the plaintiff can prove no set of facts in support of the

---

[1] Defendant Sergeant Steven Casto was sued under the name "Sergeant S. Castro." Because Defendant Casto's true name appears to be Casto, rather than "Castro," he has been referred to as "Defendant Casto" or "Casto" in this memorandum opinion.

2

1  claim that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing

2  Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Balistreri v. Pacifica Police Department, 901 F.2d

3  696, 699 (9th Cir. 1990).  A Rule 12(b)(6) dismissal can be based on the failure to allege a

4  cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory.

5  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984).  In considering a

6  motion to dismiss, the court must accept as true the allegations of the complaint in question,

7  Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in

8  the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's

9  favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

10       A Rule 12(b)(6) motion to dismiss for failure to state a claim is disfavored, see Hall v.

11  City of Santa Barbara, 833 F.2d 1270, 1274 (9th Cir.1986), and may be granted only in

12  extraordinary circumstances, see Gilligan v. Jamco Develop. Corp., 108 F.3d 246, 249 (9th

13  Cir.1997). Essentially, a motion to dismiss for failure to state a claim tests plaintiff's compliance

14  with the liberal requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure.  5A Charles

15  Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 294-96; see also Kehr

16  Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir.1991) ("[U]nder Rule 12(b)(6) the

17  defendant has the burden of showing no claim has been stated.").   As the Supreme Court has

18  noted, when evaluating a complaint for failure to state a claim, the question is not whether the

19  facts stated in the complaint, if proven, would entitle the plaintiff to any relief. Instead, the

20  question is whether there is any set of "facts that could be proved consistent with the allegations

21  of the complaint" that would entitle plaintiff to some relief.  Swierkiewicz v. Sorema N.A., 534

22  U.S. 506, 514 (2002); Diaz v. Gates, 380 F.3d 480, 482 (9th Cir. 2004).

23                                **ALLEGED FACTS**

24       The complaint alleges that on the evening February 4, 2006, Plaintiff Richard Wisler was

25  traveling home in his BMW.   The complaint alleges that shortly before Plaintiff arrived home,

26  he hit a curb due to heavy fog conditions.    After the minor accident, Plaintiff drove into his

27

28                                        3

driveway at 7202 N. Belvedere, Fresno, California.

The complaint alleges that immediately after Plaintiff parked his car, Fresno City Police Officers demanded that Plaintiff get out of the car.   The complaint alleges that these officers were Fresno Police Officers Long, Logue and Reserve Sergeant Jones.

The complaint alleges that Officers Long and Logue forcibly removed Plaintiff from his car and forcibly placed him on the ground pinning his arm behind his back, placing him face down on the ground, and restraining him.  The complaint alleges that Officer Long applied three strikes to the upper head portion of Plaintiff although he was already placed on the ground by two officers.   The complaint alleges that despite the presence of three officers, the severe nature of the three strikes to Plaintiff's head, the fact that he was already on the ground with his arms pinned behind his head, another officer shot Plaintiff with a taser gun.

The complaint alleges that Plaintiff was arrested and charged with several misdemeanors. Later Plaintiff was taken to University Medical Center for a blood drawn sample to use for a possible DUI.   The complaint alleges that despite the profuse blood from Plaintiff's nose and right eye, he was released without any significant medical treatment nor any paperwork.

The complaint alleges that Plaintiff was subsequently released from custody without being booked into jail.

The complaint alleges that the actions of Officers Long, Logue and Sergeant Jones were taken pursuant to a policy, pattern, practice, and custom of the City of Fresno to arrest individuals by using improper means, including the use of excessive force, even when no reasonable basis exists for believing that use of force will be required.  The complaint alleges that despite their knowledge of this illegal policy, pattern, practice, and custom, the supervisory and policy-making officers have taken no effective steps to terminate the policy, pattern, practice and custom; and have not effectively disciplined or otherwise properly supervised the individual officers who engage in the policy, pattern, practice and custom.

The complaint alleges that the City of Fresno has not effectively trained City of Fresno

4

officers with regard to the proper constitutional and statutory limits of the exercise of their authority; have assigned as training officers certain officers known to engage in the illegal policy, pattern, practice and custom; and have sanctioned the policy, pattern, practice and custom through their deliberate or grossly negligent indifference to the effect of this policy, pattern, practice and custom, on the constitutional rights of residents.   The complaint alleges that supervisory and policymaking officers have taken no effective action to ensure that safeguards are put into place to avoid the false arrest and detention of citizens and the unjustified use of excessive fore.   The complaint alleges that instead, the City of Fresno has ratified acts of misconduct by its police officers, including acts of Defendants Long, Logue, and Jones.

The complaint alleges that as the direct and proximate results of the acts, omissions, policies, patterns, practices and customs of Defendants alleged herein, Plaintiff has suffered severe bodily harm, substantial and emotional pain and suffering, shock and injury to the nervous systems, humiliation, extreme and severe mental anguish, acute anxiety, emotional and physical distress, and fear, all to their damage and detriment.   In addition, the complaint alleges Plaintiff has incurred, and will continue to incur, medical expenses.   To date, Plaintiff has had two surgeries to fix the loss of vision due to the broken right orbital bone received from the three fist strikes, and is due for at least one more surgery.   Finally, the complaint alleges that Plaintiff has incurred, and will continue to incur, other damages, including, but not limited to, lost of wages.

The complaint alleges that Defendants, Long, Logue, Pack, Jones, Bradford, and Casto were at all relevant times officers of the Fresno Police Department.   The complaint alleges that each Officer is sued individually and in their official capacity.

## DISCUSSION

### A.  Failure to Link Defendants Pack, Bradford, and Casto to Constitutional Violations

Defendants contend that Defendants Pack, Bradford, and Casto must be dismissed from this action because the complaint does not allege any involvement by these Defendants in Plaintiff's arrest or Defendants' use of force.   The Civil Rights Act under which this action was

filed provides:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.   To state a claim under section 1983, a plaintiff must allege that (1) the

defendant acted under color of state law and (2) the defendant deprived him of rights secured by

the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir.

2006).

The civil rights statute plainly requires that there be an actual connection or link between

the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff.

See Monell v.  Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S.

362 (1976).  "A person subjects another to the deprivation of a constitutional right, within the

meaning of § 1983, if that person does an affirmative act, participates in another's affirmative

acts, or omits to perform an act which that person is legally required to do that causes the

deprivation of which complaint is made."   Hydrick v. Hunter,  466 F.3d 676, 689 (9[th] 2006)

(quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).  "Indeed, the 'requisite causal

connection can be established not only by some kind of direct personal participation in the

deprivation, but also by setting in motion a series of acts by others which the actor knows or

reasonably should know would cause others to inflict the constitutional injury.'" Hydrick,  466

F.3d at 689  (quoting Johnson, 588 F.2d at 743-44).  Thus, in order to state a claim for relief

under section 1983, Plaintiff must link each named defendant with some affirmative act or

omission that demonstrates a violation of plaintiff's federal rights.

The complaint alleges specific conduct by Defendants Long, Logue, and Jones.

However, the complaint does not allege any specific conduct by Defendants Pack, Bradford, or

Casto other than their employment by the City of Fresno.   The complaint fails to allege how

these Defendants subjected Plaintiff to an unlawful seizure and/or used excessive force.  In the

6

opposition, Plaintiff concedes that at this time, without discovery, Plaintiff cannot allege more specific conduct concerning Defendants Pack, Bradford, and Casto.   The complaint fails to state a civil rights violation against Defendants Pack, Bradford, and Casto at this time.

In the opposition, Plaintiff contends that his theory of liability against Defendants Pack, Bradford, and Casto is based on these officers' participation, along with a group of officers, in committing constitutional violations against Plaintiff.   In the Ninth Circuit, an officer who does not commit a constitutional violation – i.e. a bystander officer –  cannot be liable under Section 1983 based on a "team effort"  theory.   Chuman v. Wright, 76 F.3d 292, 294 (9th Cir.1996).   The problem with a "team effort" theory of liability is that it improperly removes individual liability as the issue and allows a jury to find a defendant liable on the ground that even if the defendant had no role in the unlawful conduct, he or she would nonetheless be guilty if the conduct was the result of a "team effort."   Id. at 293-94.   For example, in Chuman, the district court instructed that jury that if they found a search was conducted in an unreasonable manner, all members of the team conducting the search may be held liable no matter whose actions ultimately inflicted the plaintiff's injury.   Id.   The Ninth Circuit found such a jury instruction improper because it allowed liability to attach to "a mere bystander"  who had "no role in the unlawful conduct."   Id. at 294-95.   Citing to the Fifth Circuit's analysis in Melear v. Spears, 862 F.2d 1177 (5th Cir. 1989), the Ninth Circuit states that "integral participation" by each officer is a predicate to liability.   Chuman, 76 F.3d at 294.

The "integral participation" requirement was further explained in Boyd v. Benton, 374 F.3d 773 (9th Cir.2004).   In Boyd, a SWAT team used a flash-bang device when etering into an apartment in which several people were sleeping, and several people were injured when the device ignited.   Id. at 778.   Prior to the raid, the SWAT team supervisor created the raid plan, including what devices they would deploy and how the raid would commence.   Id. at 777.   The Ninth Circuit found that every "officer involved in the operation knew of the plan to use the flash-bang, did not object to that plan, and actively participated in its operation."   Id.   The Ninth

1   Circuit determined that each officer was liable for the constitutional violation because each

2   officer involved in the search was an "integral participant." Id.   While the SWAT team was

3   standing behind the officer who deployed the device, they could still be liable because they were

4   all part of the operation, and they were all aware of the decision to use the flash-bang device.   Id.

5          Pursuant to Chuman and Boyd, liability under Section 1983 requires integral participation

6   by officers rather than simple participation in a team effort.   Here, the complaint's allegations

7   are insufficient to allege Defendants Pack, Bradford, and Casto's liability on an "integral

8   participation" theory.   The complaint does not allege facts indicating that the named Defendants

9   were all integral participants in Plaintiff's arrest and the excessive force used on Plaintiff.   In its

10  analysis in Boyd, the Ninth Circuit noted three factors that were met by the officers actions: (1)

11  each officer stood armed behind the individual that deployed the flash-bang; (2) each officer

12  participated in some meaningful way in the search operation which used the flash-bang; and (3)

13  each officer participated in the search knowing that a flash-bang would be used but failed to

14  object.  Boyd, 374 F.3d at 780.

15         In this case, there are no allegations that Defendants Pack, Bradford, and Casto were even

16  present when Plaintiff was arrested and the excessive force was used.   Assuming they were

17  present, there are no allegations that these officers were anything more than mere bystanders.

18  There are no allegations that they were performing some function necessary to the completion of

19  a police goal nor allegations that they continued their actions despite knowledge of a

20  constitutional violation.   Thus, based on the allegations currently in the complaint, Plaintiff

21  cannot maintain a civil rights cause of action against Defendants Pack, Bradford, and Casto on an

22  "integral participant" theory.

23         Because Plaintiff has failed to link Defendants Pack, Bradford, and Casto with some

24  affirmative act or omission, Plaintiff's civil rights cause of action against Defendants Pack,

25  Bradford, and Casto must be dismissed.   When dismissing a complaint, the Ninth Circuit has

26  stated that "leave to amend should be granted unless the district court determines that the

27

28                                                   8

pleading could not possibly be cured by the allegation of other facts." Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir.2001) (internal quotation marks omitted); Chang v. Chen, 80 F.3d 1293, 1296 (9th Cir. 1996).  At this time it appears Plaintiff needs discovery to determine the exact roles of Defendants Pack, Bradford, and Casto.  Regardless of when Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the Defendants' actions resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named Defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  See Johnson, 588 F.2d at 743.

**B. Official and Personal Capacity**

The complaint sues Defendants Long, Logue, and Jones in their official and personal capacities.[2]  Defendants contend that the suits against these Defendants in their official capacities should be dismissed because they are redundant of the action against the City of Fresno.

In Kentucky v. Graham, the Supreme Court explained the difference between individual and official capacity suits:  Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent."  Graham, 473 U.S. at 165-55; Kreines v. United States, 33 F.3d 1105, 1107 (9th Cir. 1994).  An official-capacity suit is, in all respects other than name, to be treated as a suit against the entity because the entity is the real party in interest. Graham, 473 U.S. at 165-55; Ruvalcaba v. City of Los Angeles, 167 F.3d 514, 524 n.3 (9th Cir. 1999); Lewis v. Sacramento County, 98 F.3d 434, 446 (9th Cir. 1996).  The Supreme Court concluded that "[a] victory in a personal-capacity action is a victory against the individual, rather than against the

---

[2]  The court does not address this argument as to Defendants Pack, Bradford, and Casto because they are being dismissed from this action for the reasons cited above.

entity that employs him." <u>Graham</u>, 473 U.S. at 167-68.

Under this precedent, Plaintiff's civil rights claim against Defendants Long, Logue, and Jones in their official capacities is really a claim against the municipal entity itself, which in this case is the City of Fresno.  A suit against a governmental officer in his official capacity is equivalent to a suit against the governmental entity itself.  <u>Larez v. City of Los Angeles</u>, 946 F.2d 630, 646 (9th Cir. 1991).  As such, Defendants Long, Logue, and Jones request that this court dismiss this claim as unnecessary, improper and redundant.  In <u>Luke v. Abbott</u>, 954 F.Supp. 202(C.D. Cal.1997), the District Court held that "the proper Monell defendant in a civil rights case is the local government entity, and not the local government officer sued in official capacity on behalf of the local governmental entity." <u>Id</u>. at 202.  The District Court stated that naming a local government officer in an official capacity claim "only leads to a duplication of documents and pleadings, as well as wasted public resources for increased attorneys fees." <u>Id</u>. at 204.  This court agrees with the reasoning of <u>Luke</u> and its progeny.  The court finds that when officers in their official capacity and the local government entity for whom they work are both named in a lawsuit, the officers in their official capacity are redundant defendants and may be dismissed. <u>See id</u> at 203.  Thus, the court will dismiss Defendants Long, Logue, and Jones to the extent they are sued in their official capacities.  This court will proceed against the City of Fresno and Defendants Long, Logue, and Jones in their individual capacities.

### ORDER

Based on the above memorandum opinion and order, the court ORDERS that:

1.  Defendants' motions to dismiss are GRANTED;

2.  Defendants Pack, Bradford, and Casto are DISMISSED from the civil rights cause of action;

3.   Defendants Long, Logue, and Jones in their official capacities are DISMISSED from the civil rights cause of action; and

10

4.      Plaintiff may file any amended complaint within thirty days of this order's

date of service.

IT IS SO ORDERED.

**Dated:    March 16, 2007**                                                    **/s/ Anthony W. Ishii**
0m8i78                                                                  UNITED STATES DISTRICT JUDGE

11