Rosemary T. McGuire   Bar No. 172549

THE LAW FIRM OF
WEAKLEY, RATLIFF,
ARENDT & McGUIRE, LLP
1630 East Shaw Avenue, Suite 176
Fresno, California 93710

Telephone: (559) 221-5256
Facsimile:  (559) 221-5262

Attorneys for Defendants, CITY OF FRESNO, OFFICER J. LONG, OFFICER J. LOGUE and RESERVE SERGEANT JONES

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ALLEN WISLER<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF FRESNO; OFFICER J. LONG, Badge #1227, individually; OFFICER J. LOGUE, Badge #1233, individually; RESERVE SERGEANT JONES, Badge #RS09, individually; and DOES 1 through 50, inclusive,<br><br>Defendants.<br>_____ | CASE NO. 1:06-CV-01694-AWI-SMS<br><br>STIPULATION AND PROTECTIVE **ORDER** AUTHORIZING LIMITED DISCLOSURE CONFIDENTIAL FRESNO POLICE DEPARTMENT RECORDS |

   IT IS HEREBY STIPULATED between the parties, through their respective counsel, and ordered by this Court, that the following material will be disclosed pursuant to this stipulation and protective order:

   **1.**   **Fresno Police Department's policy regarding use of force (Standing Order 2.5.2) in effect in February of 2006;**

   **2.**   **Use of Force Report prepared by Sgt. Steve Casto; and**

   **3.**   **Supervisor's Report of Injury.**

   The above-named documents which are maintained by the Fresno City Police Department and requested by plaintiffs through discovery, may be disclosed to counsel for the parties pursuant to the protective order detailed below. The documents requested by plaintiff contain information

which the CITY OF FRESNO deems confidential. The release of these documents pursuant to this Stipulation and Protective Order does not waive the confidentiality privilege protecting the above-named documents from general disclosure.

Based on the foregoing, IT IS HEREBY STIPULATED:

1. The "Confidential" documents shall be used solely in connection with this litigation in the preparation and trial of this case, or any related proceeding, and not for any other purpose or in any other litigation. The party producing the documents and materials described above may designate those materials by affixing a mark labeling them as "Confidential - Subject to Protective Order." If any "confidential" materials cannot be labeled with the aforementioned marking, those materials shall be placed in a sealed envelope or other container that is in turn marked "Confidential - Subject to Protective Order" in a manner agreed upon by the disclosing and requesting parties.

2. The documents identified in this protective order may be disclosed only to the following persons:

    a) the counsel for any party to this action;

    b) paralegal, stenographic, clerical, and secretarial personnel regularly employed by counsel referred to in (a);

    c) court personnel including stenographic reporters engaged in proceedings as are necessarily incidental to preparation for the trial of this action;

    d) any outside expert or consultant retained in connection with this action and not otherwise employed by either party;

    e) any in-house expert designated by defendants to testify at trial in this matter;

    f) witnesses other than the plaintiff herein, may have the information disclosed to them during deposition proceedings; the witnesses shall be bound by the provisions of paragraph 3;

    g) the finder of fact at the time of trial subject to the court's rulings on in limine motions and objections of counsel;

3. Each person to whom the "confidential" documents or any portion thereof are provided, with the exception of counsel who are presumed to know of the contents of this protective

order shall, prior to the time of disclosure, be provided by the person furnishing him/her such information, a copy of this order, and shall agree on the record or in writing that he/she has read the protective order and that he/she understands the provisions of the protective order. Such person must also consent to be subject to the jurisdiction of the United States District Court for the Eastern District of California with respect to any proceeding related to enforcement of this order, including without limitation, any proceeding for contempt. Plaintiffs' counsel shall be responsible for internally tracking the identities of those individuals to whom copies of documents marked "Confidential" are given. The defendants may not request the identities of said individuals, however, until the final termination of the litigation or if it is able to demonstrate a good faith basis that Plaintiff, or an agent thereof, has breached the Stipulated Protective Order. Provisions of this order insofar as they restrict disclosure and use of the material shall be in effect until further order of this Court.

4. Any document filed with the Court that includes the confidential documents shall be filed under sealed label with a cover sheet as follows: "This document is subject to a protective order issued by the Court and may not be copied or examined except in compliance with that order." Such documents shall be kept by the Court under seal and made available only to the Court or counsel.

5. Should any information designated confidential be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Protective Order, the disclosing person(s) shall promptly (a) inform the CITY OF FRESNO of the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s) and (b) use best efforts to bind the recipient(s) to the terms of this Protective Order. No information shall lose its confidential status because it was disclosed to a person not authorized to receive it under this Protective Order.

6. After the conclusion of this litigation, all documents, in whatever form stored or reproduced, containing "confidential" information will remain confidential, and if filed with the Court, shall remain under seal. All parties also ensure that all persons to whom "confidential" documents were disclosed shall be returned to counsel for the producing party. The conclusion of this litigation means termination of the case following applicable post-trial motions, appeal and/or retrial. After the conclusion of this litigation, all confidential documents received under the

provisions of this Protective Order, including all copies made, shall be tendered back to the attorneys for the CITY OF FRESNO in a manner in which the CITY will be able to reasonably identify that all documents were returned.

**IT IS SO STIPULATED:**

DATED: April 2, 2008              WEAKLEY, RATLIFF, ARENDT & McGUIRE, LLP


                        By:    /s/ Rosemary T. McGuire
                               Rosemary T. McGuire
                               Attorneys for Defendants

DATED: April 2, 2008              NUTALL & COLEMAN


                        By:    /s/ Mark W. Coleman
                               Mark W. Coleman
                               Attorneys for Plaintiff
                               RICHARD ALLEN WISLER

IT IS SO ORDERED.

**Dated:   April 4, 2008**                   /s/ **Sandra M. Snyder**
                                    UNITED STATES MAGISTRATE JUDGE