1
2
3
4
5

# IN THE UNITED STATES DISTRICT COURT FOR THE

6

## EASTERN DISTRICT OF CALIFORNIA

7
8

| | | |
|---|---|---|
| **RICHARD ALLEN WISLER,** | ) | **CV F 06-1694 AWI SMS** |
| **Plaintiff**, | ) | **ORDER VACATING JULY 24, 2008,** |
| | ) | **HEARING DATE AND ORDER ON** |
| **v.** | ) | **DEFENDANTS' MOTIONS IN** |
| | ) | **LIMINE** |
| **CITY OF FRESNO, et al,** | ) | |
| | ) | Doc. No. 57. |
| **Defendants.** | ) | |

13
14

        Pursuant to the pre-trial order, Defendants the City of Fresno ("Fresno") and Police

Officer Jonathan Long ("Long") have filed motions in limine with respect to the liability phase of

the trial.  Plaintiff Richard Wisler ("Wisler") has filed his responses.  Hearing on the motions in

limine is set for July 24, 2008, at 8:00 a.m.  After considering the written submissions of the

parties, the Court will vacate the hearing date and issue the following order.

**1.      MOTION IN LIMINE No. 1:**

        **Evidence of previous or pending lawsuits**

        Defendants request preclusion under Rules of Evidence 401 and 403 of evidence

regarding any previous or pending lawsuits filed against Long or any other Fresno police officer.

Wisler responds that he is unaware of any such lawsuits and does not intend to introduce such

evidence.

        Accordingly, this motion in limine is GRANTED.

**2.      MOTION IN LIMINE No. 2:**

**Evidence related to any officer's personnel file, including discipline or previous**

**internal affairs complaints**

*Defendants' Argument*

Pursuant to California statutes and Federal common law, Defendants request preclusion of evidence included in the personnel record of any individual peace officer, including personal information as well as disciplinary actions or complaints.  Wisler responds that he does not intend to introduce any prior instances of excessive force.

Accordingly, this motion in limine is GRANTED.

**3.      MOTION IN LIMINE No. 3:**

**Evidence of Defendants' Insurance Coverage**

*Defendants' Argument*

Defendants request that Wisler be precluded from presenting evidence concerning Defendants' insurance, pursuant to Rule of Evidence 411.  Wisler responds that he agrees not to introduce evidence regarding insurance coverage.

Accordingly, this motion in limine is GRANTED.

**4.      MOTION IN LIMINE No. 4:**

**Evidence that Long may be indemnified by his employing entity**

*Defendants' Argument*

Pursuant to *Larez v. Holcomb*, 16 F.3d 1513, 1518-21 (9th Cir. 1994), Defendants request that Wisler be precluded from soliciting testimony or presenting evidence regarding Long's indemnification for damages by his employing entity.  Wisler responds that he does not anticipate arguing the Long would be indemnified by Fresno and does not intend to offer any evidence that would so suggest.

Accordingly, this motion in limine is GRANTED.

1   **5.      MOTION IN LIMINE NO. 5:**

2   **Evidence regarding the assault charge against Plaintiff being dismissed**

3   *Defendants' Argument*

4   Defendants request that evidence regarding the dismissal of the assault offense that was

5   charged against him be precluded.  Dismissal of a charged offense does not establish innocence,

6   nor is it probative of whether the officers had probable cause.  Further, evidence of dismissed

7   charges is more prejudicial than probative.  See Anda v. City of Long Beach, 7 F.3d 1418 (9th

8   Cir. 1993); Heath v. Cast, 813 F.2d 254 (9th Cir. 1987).

9   *Plaintiff's Opposition*

10   Wisler argues that he will admit that he pled no contest to two offenses (California Penal

11   Code § 148(a)(1) and Vehicle Code § 23152).[1]  Wisler will also testify that he pled no contest

12   because the prosecution agreed to dismiss the assault charge.  Why he pled no contest is relevant

13   and he should be allowed the opportunity to explain his conduct to the jury.

14   *Resolution*

15   Why Wisler pled guilty to obstruction/interference/delay and driving under the influence

16   has little relevance.  The undisputed facts, as presented in the summary judgment motion, clearly

17   indicated that Wisler did not dispute that:  he was driving a car, his blood alcohol level was

18   tested at .38%, and he did not stop his vehicle even though he was aware that the officers were

19   attempting to stop him.  See Court's Docket Doc. No. 51 at pp. 1-5.

20   In contrast, testimony that the district attorney offered to drop the assault charge is unduly

21   prejudicial and time consuming.  The inference from this evidence is that the district attorney

22   considered all of the information and concluded that the assault charge lacked merit or the assault

23   did not happen.  In other words, the district attorney made a credibility determination against

24   Long.  However, credibility is an issue for the jury (not the district attorney), and there is no

25   explanation why the district attorney was willing to drop the assault charge, be it a disbelief of

26   Long or an overcrowded trial calendar.  That the district attorney was willing to drop the assault

27

28   [1]Penal Code § 148(a)(1) proscribes interfering, obstructing, or delaying a peace officer in the discharge of his duties.  Vehicle Code § 23152 proscribes operating a motor vehicle with a blood alcohol level of .08% or more.

charge in exchange for a no contest plea on two other charges does not address whether Long used excessive force.  Further, allowing this evidence would necessitate an explanation of the California criminal justice system's practice of plea bargaining.  Considering the multitude of reasons why the district attorney may have been willing to dismiss the assault charge and the unnecessary expenditure of time that would be necessary to discuss the criminal justice system, the probative value of the dismissal is substantially outweighed by its unfair prejudice to Defendants and the undue consumption of Court time.  See Fed. R. Evid. 403; Heath, 813 F.2d at 260 ("The dismissal [of Penal Code §§ 148 and 243 charges, which was unopposed by the prosecution,] did not establish Heath's innocence nor was it probative of whether the officers . . . used excessive force in effecting Heath's arrest.").

Accordingly, this motion in limine is GRANTED.

**6.     MOTION IN LIMINE No. 6:**

**Inquiries into any military or combat missions in which Long was involved**

*Defendants' Argument*

Defendants argue that inquiries into Long's military and combat missions should be precluded as irrelevant under Rule of Evidence 401.  Wisler responds that he does not intend to introduce evidence of Long's military or combat missions.

Accordingly, this motion in limine is GRANTED.

**7.     MOTION IN LIMINE No. 7:**

**Preclude Plaintiff's expert from giving an opinion regarding factual determinations, credibility of witnesses, legal conclusions, and subjects on which he lacks expertise**

*Defendants' Argument*

Although Rule of Evidence 704 allows a witness to give an opinion that embraces an ultimate issue, an expert witness may not decide disputed facts, may not give legal conclusions, and may not give credibility determinations.

As applied to Wisler's expert Roger Clark, first, without adequate foundation, Clark has

4

opined that 20 seconds elapsed from the time the officers exited their cars until Long punched Wisler.  This opinion also improperly comments on the credibility of the officers by stating that the officers' version of events is impossible.

Second, Clark opined that Long punched Wisler before any meaningful resistance occurred, Petitioner was not assaultive or combative, and that Wisler was reacting to the force being inflicted and was seeking to protect himself.  These statements impermissibly resolve factual disputes that are meant to be resolved by the jury.

Third, Clark makes several references to the severity of Wisler's injuries and that Long's punches caused serious and permanent injuries which required two surgeries.  However, Wisler had only one surgery, Clark is not a medical expert and is not qualified to render medical opinions, and Clark is not qualified to testify as to the amount of force it would take to cause Wisler's injuries.

Finally, Clark stated that the use of force reflected a deliberate indifference to the life and safety of Wisler.  This is a legal conclusion and is impermissible.

*Plaintiff's Opposition*

Wisler argues that Clark reviewed the testimony of the officers and the dispatch tapes and log.  As a result, Clark opined that it appears that the officers did not give Wisler sufficient time to comply with orders.  The evidence regarding the dispatch log has not been fully developed as one additional deposition is necessary.  However, it appears that, read one way, the log indicates that the transaction took 20 seconds.  Defendants are claiming the log is not "real time," but was edited to delete unrelated items.

Second, Clark is entitled to testify as to the nature of the resistence by Wisler as described by the officers.  The nature of the resistance is relevant in determining the reasonableness of the force used.

Finally, Clark is expected to render an opinion as to the severity of the force used to subdue Wisler.  Given bifurcation, comments about surgeries are not appropriate.  However, Clark can still testify that it appears that substantially greater force was used than was necessary. Clark testified that the force used was likely to cause severe injury because Wisler was lying flat

1   on his back with his head against concrete and would not have been able to "roll with the

2   punches," thereby increasing the likelihood of injury.  A reasonable officer would realize this and

3   would not have struck Wisler in the head.

4       *Resolution*

5       Under Rule 704, "testimony in the form of an opinion or inference otherwise admissible

6   is not objectionable because it embraces an ultimate issue to be decided by the trier of fact."  Fed.

7   R. Evid. 704; Hangarter v. Provident Life & Accident Ins. Co., 373 F.3d 998, 1017 (9th Cir.

8   2004).  "Expert testimony should not be permitted if it concerns a subject improper for expert

9   testimony, for example, one that invades the province of the jury. "   United States v. Binder, 769

10  F.2d 595, 602 (9th Cir. 1985).  For example, "[c]redibility is a matter to be decided by the jury."

11  Id.; see also United States v. Sanchez-Lima, 161 F.3d 545, 548 (9th Cir. 1998).  Further, "an

12  expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate

13  issue of law."  Hangarter, 373 F.3d at 1017.  " Similarly, instructing the jury as to the applicable

14  law 'is the distinct and exclusive province' of the court."  Id.

15      In this case, with respect to Clark's opinion that the relevant transaction lasted only 20

16  seconds, this opinion appears to be based primarily on dispatch records.  During the summary

17  judgment motion, Wisler presented two proposed material facts that dealt with the timing of the

18  transaction.  See Court's Docket Doc. No. 41-3 at p. 3.  Defendants objected to those particular

19  proposed facts on the basis that Clark lacked foundation to render an opinion and that the "radio

20  traffic event report"[2] was neither authentic nor produced during discovery.  See Court's Docket

21  Doc. No. 45-4 at p. 4.  Wisler did not respond to those objections, so they were sustained.  If

22  Clark has the requisite training or experience in interpreting dispatch logs, then he may testify as

23  to what the dispatch log in this case indicates as to timing, including that the pertinent transaction

24  only lasted 20 seconds.  Nevertheless, he may not testify that the officers are lying since

25  credibility is a matter for the jury.   See Binder, 769 F.2d at 602.  Additionally, since there

26  appears to be an issue regarding the dispatch log, Clark may not give an opinion on the dispatch

27

28      [2]The Court will assume that the radio traffic event report referred to in Plaintiff's proposed undisputed material facts is the same document as the dispatch log identified in Defendants' motion in limine.

1  log until the document has been properly authenticated.  In short, Clark may testify that the event

2  occurred in 20 seconds and use that conclusion in his opinions if and only if the dispatch log is

3  properly authenticated and it is established that Clark has the requisite experience to read and

4  interpret the log.  Accordingly, until these foundational requirements are satisfied, the motion in

5  limine with respect to the "20 seconds" opinion is GRANTED.

6         As for Clark's opinions about the level of resistance exhibited by Wisler and the force

7  utilized by Long, such opinions are admissible.  Both the nature of the force utilized and the

8  nature of Wisler's resistance are important factors that are weighed in determining if excessive

9  force was used.  See Graham v. Connor, 490 U.S. 386, 396 (1989); Davis v. City of Las Vegas,

10  478 F.3d 1048, 1054 (9th Cir. 2007); Ninth Circuit Model Instruction 9.22.  As a police

11  procedures expert, Clark can comment on the level of resistance exhibited by Wisler, the level of

12  force that would be an acceptable reaction to that resistance, and the level of force used by the

13  officers.  Opinions on these issues would clearly be helpful to the jury.

14         However, Wisler does not specifically address Clark's statement that Wisler was

15  "reacting to the force being inflicted and was seeking to protect himself from further harm."  This

16  opinion is not proper.  First, excessive force is examined from the perspective of "a reasonable

17  officer on the scene."  See Graham, 490 U.S. at 396; Ninth Circuit Model Instruction 9.22.

18  Given this focus, it is unclear how Clark's opinion (which focuses on Wisler's mind set) would

19  be relevant or helpful.  See Fed. R. Evid. 401, 702.  Further, even if Clark's opinion is relevant,

20  given Wisler's lack of memory, the reason behind Wisler's conduct is unknown.  As such,

21  Clark's opinion that Wisler definitively was reacting or acting in self-defense is pure speculation.

22  A speculative opinion would not be helpful to the jury.  See Fed. R. Evid. 702.  Finally, there is

23  no indication that Clark has sufficient psychological training and/or expertise to comment on

24  how or when individuals react to various stimuli; Roger Clark is a police procedures expert, he is

25  not a psychological or human factors expert.  See Fed. R. Evid. 702.  Clark will be precluded

26  from giving this opinion.

27         Next, Wisler does not dispute that Clark has insufficient medical expertise to discuss

28  Wisler's injuries.  Wisler's own physician testified that "the amount of force is difficult to assess.

1   And some with large amount of force don't seem to get any fractures, and other people with

2   small amount of force seem to get a large fracture." Waldrop Deposition at 43-44. That is, the

3   nature of Wisler's injuries are not necessarily reflective of the force used. See id. Given the lack

4   of medical expertise, Clark is not qualified to discuss the injuries suffered by Wisler, nor base his

5   opinions on the nature of Wisler's injuries. See Fed. R. Evid. 702.

6        Finally, testimony that an individual acted with "deliberate indifference" is a legal

7   conclusion. Berry v. City of Detroit, 25 F.3d 1342, 1353 (6th Cir. 1994). Clark may not testify

8   that Long acted with "deliberate indifference." Id; see also Hangarter, 373 F.3d at 1017; Berry,

9   25 F.3d at 1353.

10       Accordingly, this motion in limine is GRANTED with respect to Clark's opinions that

11  Long acted with "deliberate indifference," Clark's opinoins about or based upon the injuries

12  sustained by Wisler, Clark's opinion that Wisler was reacting to the force being inflicted upon

13  him and was seeking to protect himself from further harm, and conditionally granted as to the

14  "20 seconds" opinion. The motion in limine is DENIED with respect to opinions regarding the

15  level of resistance exhibited by Wisler, the level of force that would be an acceptable reaction to

16  that resistance, and the level of force used by the officers.

17

18  **8.      MOTION IN LIMINE No. 8:**

19       **Testimony that Long's fist strikes are the equivalent of "deadly force"**

20       *Defendants' Argument*

21       At his deposition, Roger Clark opined that the fist "is considered potentially lethal" and

22  that the force used in this could be lethal "because of the amount of force and the severe injury."

23  Clark could not provide any authority for this assertion. Clark's testimony is without foundation,

24  would unduly confuse and mislead the jury, and would be contrary to the bifurcation order.

25       *Plaintiff's Opposition*

26       Wisler responds that the Ninth Circuit in 2005 defined "deadly force" as force that

27  "creates a substantial risk of causing death or serious bodily injury." Smith v. City of Hemet,

28  394 F.3d 689, 706 (9th Cir. 2005). California case law has recognized that multiple fractions of

the nasal bone constitute great bodily injury.  In *Tennessee v. Garner*, 471 U.S. 1 (1985), the Supreme Court held that deadly force is only appropriate to prevent escape and the officer believes that deadly force is necessary to prevent harm to himself or others.  Here, Wisler suffered injury to his head/eye.  Clark has opined that the use of a fist can be considered potentially lethal and the force used in this case could possibly cause severe injury.  There is no evidence that force was necessary to prevent Wisler's escape or to prevent death or serious injury to the officers or others.

*Resolution*

Prior to late 2007, Ninth Circuit case law required that a special "deadly force" jury instruction be given where the evidence indicated that deadly force had been utilized.  See Miller v. City of Phoenix, 248 F.3d 851 (9th Cir. 2001).  However, in 2007, the Supreme Court held that there is no special Fourth Amendment standard for "deadly force," but instead "all that matters is whether [the officer's] actions were reasonable."  Scott v. Harris, 127 U.S. 1769, 1777-78 (2007); Acosta v. Hill, 504 F.3d 1323 (9th Cir. 2007).  The Ninth Circuit has held:

> We had previously held that "[a]n excessive force instruction is not a substitute for a . . . deadly force instruction."  We reached this conclusion based on the observation that "the Supreme Court . . . established a special rule concerning deadly force."  *Scott* explicitly contradicts that observation.  *Scott* controls because it is "intervening Supreme Court authority" that is "clearly irreconcilable with our prior circuit authority."  Monroe's holding that an excessive force instruction based on the Fourth Amendment's reasonableness standard is not a substitute for a deadly force instruction is therefore overruled.

Acosta, 504 F.3d at 1323-24.

Consistent with *Acosta*, the Ninth Circuit model excessive force instruction indicates that it is to be used for both deadly and non-deadly force cases, does not include a definition of "deadly force," and does not even contain the term "deadly force" in its body.  See Ninth Circuit Model Instruction 9.22.  Ninth Circuit Model Instruction 9.23, which was the "deadly force" instruction, has been withdrawn in light of *Acosta* and *Scott*.  See Commentary to Ninth Circuit Model Instruction 9.22.  Since the "deadly force" instruction is no longer part of the Ninth Circuit models, and since the focus of the inquiry is "reasonableness," using the term "deadly force" would be unduly and unnecessarily confusing to the jury.  See Fed. R. Evid. 403.  Clark

will be precluded from characterizing Long's punches as "deadly force."

Additionally, Wisler has not addressed Defendants' contention that an insufficient foundation has been laid for Clark to testify that the force used by Long could have caused severe injury. Clark will not be permitted to so testify until a proper foundation has been laid that Clark has the expertise to render such an opinion.

Accordingly, this motion in limine is GRANTED.


**9.      MOTION IN LIMINE No. 9:**

**Clark's opinions about issues that have been adjudicated in Defendants' favor**

*Defendants' Argument*

The Court granted summary judgment in favor Defendants on Wisler's claims for *Monell* liability, direct liability negligence against Fresno, excessive force based on pulling Wisler from the car. As such, Clark should be precluded from testifying that: (1) the force used in removing Wisler from the car was excessive; (2) the officers were inadequately trained; (3) the officers' actions were indicative of a pattern and practice inadequate policies; (4) there was a flawed organizational structure within the Fresno Police Department. Wisler responds that he does not object to excluding issues resolved on summary judgment.

Accordingly, this motion in limine is GRANTED.


In accordance with the above, IT IS HEREBY ORDERED that:

1.      The July 24, 2008, hearing date is VACATED;

2.      Defendants' motions in limine numbers 1, 2, 3, 4, 5, 6, 8, and 9 are GRANTED; and

3.      Defendants' motion in limine number 7 is GRANTED in part and DENIED in part.

IT IS SO ORDERED.

**Dated:   July 22, 2008**             _____/s/ Lawrence J. O'Neill_____
                                       UNITED STATES DISTRICT JUDGE